A. A. BAKER, Respondent, *vs.* HENRY J. RICE, Appellant.

1. *Jury—Notes of evidence given to, etc.*—It would undoubtedly be improper to permit a jury to take the attorney's notes of evidence without the consent of the parties or their attorneys. But where such consent is given, the circumstance cannot be afterward urged as an objection to the verdict.

*Appeal from Livingston Court of Common Pleas.*

*Dixon & Wait,* for Appellant.

*Broadus & Pollard,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This is an action of replevin for one mare, one horse and one colt.

The defendant by his answer admitted that the plaintiff was the owner of the horse and colt and denied that he was the owner of the mare, and set up property in himself in the mare; and as to the horse and colt, the defendant alleged that they were in his possession as a pledge for payment of one hundred and fifty-six dollars, which the plaintiff had agreed to pay him and had never paid. The replication was a general denial of all the allegations of the answer.

On the trial each party gave evidence tending to prove his side of the case. After the close of the evidence the court gave five instructions for the plaintiff, and fourteen out of fifteen instructions for the defendant.

The jury found a verdict for the plaintiff and the defendant has appealed to this court.

It is unnecessary to recite the numerous instructions given in this case. It is sufficient to say that they presented the case to the jury fairly and very favorably for the defendant in all of its bearings. There was but one instruction asked by the defendant that was refused, and the substance of the refused instruction was contained in other instructions given for him.

So there was no error in giving or refusing instructions. Those given for the plaintiff were proper expositions of the law and were supported by the evidence.

There had been a mis-trial of the case and this jury came

into court and announced that they could not agree, and the attorney for the plaintiff, in the presence of the court and jury remarked in substance, that his client was poor and not able to stand much litigation, and he would be willing to take a majority verdict. This remark was improper and ought not to have been made, but it does not appear to have had any influence on the jury. The jury also remarked that they wanted the notes of the evidence taken down by the respective attorneys, which, after some objections, were finally given to them by the consent of the attorneys for both of the parties. It would undoubtedly have been improper to let the jury take the notes of the evidence, without the consent of the parties or their attorneys; but as they gave their consent, it cannot be urged here as an objection to the verdict.

Upon the whole case, verdict and judgment seem to be for the right party.

Judgment affirmed. The other judges concur.